**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DARLENE W. LOW,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 09-CV-398-CVE-PJC |
| ) | |
| **STEVEN CHU, Secretary,** ) | |
| **Department of Energy,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Now before the Court is Defendant's Motion to Strike Plaintiff's Petition, With Leave to Amend, Based Upon Violation of Fed. R. Civ. P. 8(a)(2) (Dkt. # 7). Defendant Steven Chu asks this Court to strike plaintiff Darlene W. Low's "petition," (Dkt. # 2), with leave to file an amended complaint. Plaintiff has failed to respond to defendant's motion to strike, but this Court will consider the merits of defendant's motion.

Plaintiff filed a Verified Petition (Dkt. # 2) in this Court on June 23, 2009. Plaintiff's claims arise out of her employment with the Department of Energy. She alleges that she was not given the level of work and experience she was promised, and that some of her duties were improperly terminated. Her petition contains nine claims: civil contempt of court, retaliation in violation of Title VII, a hostile work environment in violation of Title VII, conspiracy in violation of Title VII, violation of public policy, violation of the Age Discrimination in Employment Act, tortious interference with contractual relations and violation of the Federal Tort Claims Act, material breach of contract and violation of implied clause of good faith and fair dealing, and promissory estoppel. Dkt. # 2, at 37-60. Defendant argues that the petition does not comply with Federal Rule of Civil Procedure 8(a)(2).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2). Rule 8(a)(2) is both a floor and a ceiling. Frazier v. Ortiz, No. 06-1286, 2007 WL 10765 at *2 (10th Cir. Jan. 3, 2007) "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis. Only a generalized statement of the facts from which the defendant may form a responsive pleading is necessary or permissible . . . ." New Home Appliance Ctr., Inc. v. Thompson, 250 F.2d 881, 883 (10th Cir. 1957).

"'A district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s 'short and plain statement requirement.'" Gometz v. U.S., No. 08-1470, 2009 WL 1705608, at *2 (10th Cir. June 18, 2009) (quoting Kuehl v. F.D.I.C., 8 F.3d 905, 908 (1st Cir. 1993), reh'g denied, (Dec. 7, 1993), cert. denied, 511 U.S. 1034 (1994)). A court may also strike the complaint with leave to amend. See Fed. R. Civ. P. 15; see also Salahuddin v. Cuomo, 861 F.2d 40, 42 (2nd Cir. 1988) (upholding the district court's dismissal of complaint with leave to amend).

Plaintiff's petition, Dkt. # 2, contains thirty seven pages and one hundred sixty three numbered paragraphs of "facts." Plaintiff alleges extensive facts, many of which are only peripherally related to the causes of action alleged. For example, Paragraph 48 describes what a "DOECAST" is. Dkt. # 2, at 13. The precise nature of a "DOECAST" memo is, at best, minimally relevant to each of plaintiff's claims. Plaintiff's "facts" section also contains many statements which are argumentative or conclusory, such as: "[it] could be described as an 'adhesion settlement,'" id., at 4, and "arguably contractor's new task, by DOE definition, were duties [sic] to only be performed by a federal employee," id.September 21, 2009, at 12. Plaintiff's petition does not concisely state

facts, and is not limited to allegations of relevant facts. It exceeds the bounds of a "generalized statement of the facts" and therefore does not satisfy Rule 8(a)(2). See, e.g., Schupper v. Edie, 193 Fed. App'x 744 (10th Cir. 2006) (upholding the striking of an "overly long, prolix, vague, confusing" complaint); Leonard v. Standell, 145 Fed. App'x 632 (10th Cir. 2005); see also Bernier v. Papagianopoulos, No. 99 Civ. 2000DABMHD, 2003 WL 22510375, at *2 (S.D.N.Y. Nov. 4, 2003) (holding that a complaint containing "extensive and argumentative narration of plaintiff's version of the facts, together with interlarded commentary on the significance of these allegations" was inconsistent with Rule 8).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike Plaintiff's Petition, With Leave to Amend, Based upon Violation of Fed. R. Civ. P. 8(a)(2) (Dkt. # 7) is **granted**. Plaintiff's Verified Complaint (Dkt. # 2) is **stricken**, with leave to file an amended complaint which complies with Federal Rule of Civil Procedure 8(a)(2), no later than **September 28, 2009**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss In Part for Lack of Jurisdiction and Brief in Support (Dkt. # 10) is **moot**, but without prejudice to refiling after an amended complaint is filed.

**DATED** this 21st day of September, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT