UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARLENE LOW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-CV-0398-CVE-PJC |
| ) | |
| STEVEN CHU ) | |
| The Honorable, Secretary of the Department ) | |
| of Energy in his official capacity as an officer ) | |
| of the United States, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is "Plaintiff's Motion to Order Defendant to Immediately Answer Plaintiff's Claim Number 4, Hostile Work Environment" (Dkt. # 16). Plaintiff asks the Court to order defendant to answer the fourth claim in plaintiff's amended complaint, "or in the alternative set a hearing in order for Plaintiff to show that she is entitled to a Default Judgment pursuant to Fed. R. Civ. P. 55(d)." Id. at 1.

Plaintiff filed a complaint in this Court on June 23, 2009 (Dkt. # 2). Defendant filed a motion to strike the complaint, which the Court granted (Dkt. # 12). Plaintiff filed an amended complaint[1] (Dkt. # 13) on September 23, 2009. The amended complaint lists four claims for relief. Defendant filed a motion to dismiss three of these four claims (Dkt. # 14) pursuant to Fed. R. Civ.

---

[1] The Court refers to the document titled "Pursuant to Court's Order directing Plaintiff to conform with violation of Fed. R. Civ. P. 8(a)(2): Revised Complaint Alleging: Four Violations of *Title VII of Civil Rights Act* – Retaliation (3) and Hostile Work Environment (1); and Violation of the *Age Discrimination in Employment Act (ADEA)*," Dkt. # 13, at 1, as the "amended complaint."

P. 12(b)(1) on November 23, 2009. On December 8, 2009, plaintiff filed the instant motion to require an immediate answer to the claim defendant did not seek to dismiss. Dkt. # 16.

Service of a motion under Fed. R. Civ. P. 12 alters the time period in which a defendant must serve a responsive pleading. Fed. R. Civ. P. 12(a)(4). However, it is not clear whether service of a Rule 12 motion alters the time in which the defendant must respond to the entire complaint, or the time in which defendant must respond to the claims at issue in the Rule 12 motion only. See CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1346 (noting that "it is unclear from the language of Rule 12(a) whether service of a Rule 12(b) motion directed at only parts of a pleading enlarges the period of time for answering the remaining portions of the pleading," but that "the weight of limited authority on this point is to the effect that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint"). Regardless, the Court may alter the time period in which a responsive pleading must be filed. Fed. R. Civ. P. 6(b). Plaintiff has provided no explanation of her need for an immediate response to one part of her amended complaint.

The Court will not require defendant to answer the amended complaint in a piecemeal fashion.[2] Defendant's motion to dismiss is currently pending. Requiring the defendant to answer part of the amended complaint now and part of the amended complaint later (should it survive the motion to dismiss) would unnecessarily burden the defendant and the Court with duplicative

---

[2] Further, the Court notes that the task of responding to any part of the amended complaint will not be an easy one. Despite the Court's admonition that the first complaint did not "concisely state facts, and [was] not limited to allegations of relevant facts," Dkt. # 12, at 2-3, plaintiff's amended complaint is riddled with unnecessary, irrelevant, and argumentative quasi-factual allegations.

pleadings.[3] Further, the Court fails to see what legitimate purpose would be served by granting plaintiff's request.

**IT IS THEREFORE ORDERED** that "Plaintiff's Motion to Order Defendant to Immediately Answer Plaintiff's Claim Number 4, Hostile Work Environment" (Dkt. # 16) is **denied**. The answer to the amended complaint will be due pursuant to Fed. R. Civ. P. 12(a)(4).

**DATED** this 14th day of December, 2009.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3] Plaintiff is not entitled to default judgment under Fed. R. Civ. P. 55, because defendant has not "failed to plead or otherwise defend." A hearing would be neither helpful or appropriate. Plaintiff's alternative request for a hearing is denied.