UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DARLENE LOW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-CV-0398-CVE-PJC |
| | ) | <u>BASE FILE</u> |
| STEVEN CHU | ) | |
| The Honorable, Secretary of the Department | ) | Consolidated with |
| of Energy in his official capacity as an officer | ) | Case No. 09-CV-0505-CVE-PJC |
| of the United States, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is Plaintiff's Motion for Reconsideration in Case No. 09-CV-0398-CVE-PJC (Dkt. # 38).[1] On February 8, 2010, the Court entered an Opinion and Order (Dkt. # 35) dismissing the second, third, and fifth claims in plaintiff's amended complaint (Dkt. # 13) for failure to timely exhaust administrative remedies. Plaintiff's first claim was previously dismissed for failure to exhaust administrative remedies. Dkt. # 22. Low asks the Court to reconsider the dismissal of her second claim.

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" <u>Van Skiver v. United States</u>, 952 F.2d 1241, 1243 (10th Cir. 1991). The Court treats plaintiff's motion to reconsider under Fed. R. Civ. P. 54(b), as the underlying opinion and order is not a final order or judgment. See <u>Raytheon Constructors, Inc. v. Asarco Inc.</u>, 368 F.3d 1214, 1217 (10th Cir. 2003). The Court may, however, call into play the legal standards applicable to a Rule 59(e) motion to alter

---

[1] All document numbers referenced herein are document numbers in Case No. 09-CV-0398-CVE-PJC. The Court consolidated Case No. 09-CV-0398-CVE-PJC with Case No. 09-CV-0505-CVE-PJC after the instant motion was filed.

or amend judgment. See, e.g., Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand LLP, 322 F.3d 147, 167 (2d Cir. 2003). A motion to reconsider, like a motion to alter or amend judgment, should be granted only upon the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); see Adams v. Reliance Standard Life Ins. Co., 225 F.3d 1179, 1186 n.5 (10th Cir. 2000). The Court will exercise its discretion to review plaintiff's motion under the standards applicable to Rule 59(e) motions. A district court does not abuse its discretion if it refuses to reconsider arguments that have already been considered and rejected. See Servants, 204 F.3d at 1009; Van Skiver, 952 F.2d at 1243. Reconsideration is "not available to allow a party to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." FDIC v. United Pacific Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)).

The Court dismissed Low's second claim because the specific incidents mentioned under the heading "*Second* Retaliation Claim for Relief, Title VII, Retaliation, Continued Deception and Denial by SWPA and their Refusal to Correct Continuing Violation," Dkt. # 13, at 8, were not brought to an Equal Employment Office (EEO) counselor or in an EEO charge. Dkt. # 35, at 8, 11-12. These specific incidents alleged were the creation of a position for Low in 2000, and retaliation by the Department of Energy civil rights unit when it failed to find any basis for her discrimination claims. Dkt. # 13, at 8. The Court also declined to speculate as to the unidentified "series of adverse employment actions taken against [Low] and then a refusal to document, then an incorrect

documentation, and then additional refusal to document which were a 'cover' for discrimination," and the "multiple and continuing adverse treatments" referred to under the second claim heading. Although Low later identified some of these actions, the Court stated that it would not permit Low to amend the vague allegations in her amended complaint by providing specifics in a response to a motion for summary judgment. Dkt. # 35, at 8 n.9. The Court further noted that some of these actions formed part of the basis of Low's hostile work environment claim, which defendant did not seek to dismiss. Id.

The basis for Low's request for reconsideration is unclear. Low provides quotations from her EEO charges and various portions of her amended complaint, apparently in an attempt to show that her second claim for relief encompassed numerous incidents of alleged retaliation that were administratively exhausted. See Dkt. # 38, at 1 ("[p]ossibly, clutter and argument organization of the 2007 ADEA claim superficially deemphasized and mischaracterized the second claim"). Thus, the motion is a list of the incidents for which Low intended to bring Title VII retaliation claims.[2]

The fact that Low mentioned an incident in a portion of her complaint other than under the "*Second* Retaliation Claim for Relief, Title VII, Retaliation, Continued Deception and Denial by SWPA and their Refusal to Correct Continuing Violation," Dkt. # 13, at 8, does not mean that incident was encompassed within the second claim for relief. The Court determined that Low's second claim was comprised of those allegations made in the section titled "*Second* Retaliation Claim for Relief." Although Low may now regret the manner in which her amended complaint was drafted, Dkt. # 38, at 4 ("[a]lthough [Low] could have probably done a better job in writing

---

[2] However, even Low's motion to reconsider does not eliminate the Court's uncertainty regarding the claims Low wished to bring.

3

articulation, [she] was also very much attempting to follow the letter and spirit of Fed. R. Civ. P. 8(a)(2)--perhaps not so plain in hindsight"), Low has not provided any comprehensible reason why the Court's dismissal of her second claim was in error. Low essentially seeks to amend her complaint to state new claims.

Low is represented by counsel, who is expected to understand basic rules of procedure and the legal theories upon which her claims are based. The Court has repeatedly exercised its discretion to permit Low to amend her various complaints, and has considered even Low's unauthorized and inappropriate pleadings and briefs. E.g., Dkt. # 35, at 2 n.1 (explaining that the Court would consider both Low's authorized supplemental brief in response to defendant's motion for summary judgment and her unauthorized supplemental response to defendant's supplemental brief). Low's repeated filing of virtually incomprehensible materials, rife with misspellings and grammatical mistakes, e.g., Dkt. # 38, at 5 ("[t]he Federal Court Complaint, Paragraph #35 was liated as a requirement for a specific prima facie element, e.g., element number three of two Circuits, of a Title VII claim of retaliation") (footnotes, including footnote describing the Fifth and Sixth Circuits' law regarding the elements of a Title VII claim, omitted), has caused the Court considerable hardship. Low is to blame for her failure to state the claims she wished to bring, and the Court will not now relieve her of the consequences of that failure.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration in Case No. 09-CV-0398-CVE-PJC (Dkt. # 38) is **denied**.

**DATED** this 16th day of February, 2010.

*Claire V. Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

4